UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-CV-00016-JHM

RICHARD L. STANSBURY and                                                    PLAINTIFFS
MARY F. STANSBURY

V.

HOPKINS HARDWOODS, INC.                                                      DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs', Richard L. Stansbury and Mary F. Stansbury, Motion for a Preliminary Injunction [DN 4]. A preliminary injunction hearing was held on February 2, 2015. Fully briefed and argued, this matter is ripe for decision. For the following reasons, the Motion for a Preliminary Injunction is **DENIED**.

I. BACKGROUND

On September 19, 2011, Plaintiffs agreed, by written contract, to convey to Defendant Hopkins Hardwoods, Inc. ("Hopkins Hardwoods") specific property rights, including the right to harvest timber, on real property referred to as "Lapland," in exchange for $2,200,000.00 ("Timber Contract"). Pursuant to the terms of the Timber Contract, Plaintiffs executed a timber deed conveying the Lapland timber rights to Hopkins Hardwoods on October 7, 2011, which Hopkins Hardwoods executed and agreed to on October 13, 2011 ("Timber Deed"). The Timber Deed conveys to Defendant (and its successors and assigns) timber and rights to remove and harvest the same—specifically, all timber on Tract I "which timber must be not less than 14 inches in diameter at a point not less than one foot from the ground," (Timber Deed [DN 1-3] 1), and all timber on Tract II "which timber must be not less than 14 inches in diameter at the stump," (id. at 2). The Timber Deed also requires that Defendant "shall meet or exceed

Kentucky State Best Management Practices in its timbering operations on the subject lands," (id. ¶ 4); requires that Defendant "shall keep all gates locked when it is not on the subject lands," (id. ¶ 6); provides that "no cedar is to be harvested," (id. ¶ 7). Rock from the creek beds on Lapland were not mentioned in the Timber Deed.

On January 21, 2015, Plaintiffs' filed this motion seeking a preliminary injunction for both prohibitory preliminary injunction relief and mandatory preliminary injunctive relief as to Counts 8 and 9 of its Complaint. Specifically, Plaintiffs seek the Court to enjoin Hopkins Hardwoods and its officers, agents, employees, attorneys, and all those in active concert or participation with it from: (a) harvesting any trees which are less than fourteen (14) inches in diameter "at a point not less than one foot from the ground" on Tract I and "at the stump" on Tract II; (b) taking rock from creek beds on Lapland; and (c) harvesting any cedar trees from Lapland. Additionally, Plaintiffs seek the Court to mandatorily direct Hopkins Hardwoods and its officers, agents, employees, attorneys, and all those in active concert or participation with it to take affirmative action to: (a) meet or exceed Kentucky State Best Management practices in timbering operations on Lapland[1] and (b) keep all gates on Lapland locked when Hopkins Hardwoods and its contractors are not on Lapland.

On February 2, 2015, the Court held a preliminary injunction hearing. At the hearing, the Court considered the declaration of Plaintiff Richard Stansbury, heard testimony from Hopkins Hardwoods President Henry Christ, and heard arguments of counsel.

## II. PRELIMINARY INJUNCTION STANDARD

A preliminary injunction is an extraordinary remedy that is generally used to preserve the status quo between the parties pending a final determination of the merits of the action. In

---

[1] At the preliminary injunction hearing, Plaintiffs withdrew their request for injunctive relief regarding the Kentucky State Best Management practices.

2

determining whether to issue a preliminary injunction, the Court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007) (quoting Tumblebus Inc. v. Cranmer, 399 F.3d 754, 760 (6th Cir. 2005)). The same standard applies to motions for mandatory preliminary injunctive relief and motions for prohibitory preliminary injunctive relief. United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth., 163 F.3d 341, 348 (6th Cir. 1998). It is unnecessary for the Court to make findings regarding each factor if "fewer are dispositive of the issue." In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985) (citing United States v. Sch. Dist. of Ferndale, Mich., 577 F.2d 1339, 1352 (6th Cir. 1978)). "The party seeking a preliminary injunction bears a burden of justifying such relief, including showing irreparable harm and likelihood of success." Mich. Catholic Conference & Catholic Family Servs. v. Burwell, 755 F.3d 372, 382 (6th Cir. 2014) (quoting McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012)) (internal quotation marks omitted).

### III. DISCUSSION

The Court first considers whether Plaintiffs have "demonstrated 'a strong likelihood of success on the merits.'" Tenke, 511 F.3d at 543 (quoting Tumblebus, 399 F.3d at 760). As to the locking of the gates, Plaintiffs offer only the declaration of Plaintiff Richard Stansbury as evidence that the gates were left unlocked by Defendant. (See Stansbury Decl. [DN 10-1] ¶ 7.) Hopkins Hardwoods denies awareness of any gates that were not properly locked by itself or its contractors. (See Christ Aff. [DN 9-3] ¶ 16.) From the testimony of Hopkins Hardwoods

President Henry Christ, it is apparent that Hopkins Hardwoods and its contractors have not been in exclusive possession of the Lapland property since 2012. The Court finds that Plaintiffs have not established a strong likelihood of success on the merits as to the gates being left unlocked by Hopkins Hardwoods, at least at this point in time.

At this point, it appears Plaintiffs are likely to succeed on the merits as to the cutting of trees and the removal of rock from the creek bed. Thus, the second factor that the Court must consider is whether Plaintiffs will suffer irreparable injury without the injunction. Tenke, 511 F.3d at 550. Plaintiffs have not established that they will suffer irreparable injury absent the injunction with respect to the harvesting of cedar trees, the harvesting of trees which are less than fourteen inches in diameter "at a point not less than one foot from the ground" or "at the stump," or the removal of rock from the creek beds.

"A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." Id. at 550 (quoting Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566, 578 (6th Cir. 2002)) (internal quotation marks omitted). While true that "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.,* irreparable," Amco Production Co. v. Village of Gambell, 480 U.S. 531, 545 (1987), Plaintiffs have offered no evidence of any alleged environmental harm regarding the cutting of trees or the removal of rock from a creek bed.[2] Furthermore, any alleged harm from the denial of a preliminary injunction regarding the cutting of trees is fully compensable by monetary damages. See KRS 364.130 (providing for the computation of monetary damages, based on stumpage value, where one harvests or causes to be harvested timber without legal right). "The possibility that adequate

---

[2] Plaintiffs conceded during the preliminary injunction hearing that this was only an argument and that they had no proof of any such environmental injury.

compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974) (quoting Va. Petroleum Jobbers Ass'n v. Fed. Powers Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)) (internal quotation mark omitted). Accordingly, the Court finds that Plaintiffs have not established that they will suffer irreparable injury such as to justify granting the extraordinary remedy of a preliminary injunction.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Preliminary Injunction [DN 4] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

February 3, 2015

cc: counsel of record