UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-CV-00016-JHM

RICHARD L. STANSBURY and  PLAINTIFFS/
MARY F. STANSBURY  COUNTER-DEFENDANTS

V.

HOPKINS HARDWOODS, INC.  DEFENDANT/
 COUNTER-CLAIMANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant/Counter-Claimant Hopkins Hardwoods, Inc. ("Hopkins Hardwoods") to alter, amend, or vacate the Court's Memorandum Opinion and Order entered on April 11, 2017. (DN 153.) Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

The factual background of this case is fully presented in the Court's April 11, 2017 Memorandum Opinion and Order. (DN 150.) Briefly, Plaintiffs/Counter-Defendants Richard and Mary Stansbury owned a tract of land in Meade County, Kentucky, known as the "Kimball tract." (Dep. Richard Stansbury [DN 134-1] at 37:12, 41:18; Kimball Deed [DN 134-2] at 2–4.) The Stansburys sold a portion of the Kimball tract in July 2011 to Yager Family, LLC, retaining the timber rights on the "Yager tract" for five years after the date of sale. (Dep. Richard Stansbury [DN 134-1] at 50:11, 51:6, 57:12, 63:24; Yager Deed [DN 134-2] at 26–35.) In September 2011, the Stansburys sold the timber rights over the Yager tract and almost all of the Kimball tract to Hopkins Hardwoods, who intended to harvest the timber and sell it. (Dep. Robert Christ [DN 130-1] at 179:18; Timber Rights Contract [DN 134-2] at 44.) The timber

deed specified that Hopkins Hardwoods had the right to harvest timber for a period of five years from each tract. (Timber Deed [DN 134-2] at 46–61.) It also gave Hopkins Hardwoods the right to enter onto the property and to have a "right of way through and across said lands." (*Id.* at 47.) However, Hopkins Hardwoods was not to harvest any trees with a diameter smaller than fourteen inches at a height of twelve inches off the ground on the Yager tract, and it was not to do the same on the Kimball tract to any tree smaller than fourteen inches at stump height. (*Id.* at 46–47.) Additionally, no cedar trees were to be harvested from either tract. (*Id.* at 47.)

The Stansburys initiated this action against Hopkins Hardwoods, making numerous claims against it. (Compl. [DN 1] ¶¶ 30–76.) Most of these claims were in part based upon Hopkins Hardwoods cutting down both undersized and cedar trees on the two tracts. (*Id.*) The Stansburys later amended the complaint to add as defendants certain individuals associated with the sale of the timber rights to Hopkins Hardwoods and add new claims related to that event. (Am. Compl. [DN 27] ¶¶ 88–113.) After the Court denied the Stansburys' request for a preliminary injunction directing Hopkins Hardwoods to abide by the terms of the timber deed (DN 12) and granted Hopkins Hardwoods' request for a preliminary injunction prohibiting the Stansburys from interfering with Hopkins Hardwoods timber operations on the tracts (DN 67), Hopkins Hardwoods filed a counterclaim against the Stansburys based on their refusal to allow Hopkins Hardwoods onto the tracts to continue harvesting. (DN 69.)

Motions for Summary Judgment were filed by Hopkins Hardwoods, as well as all of the other individual defendants. (DN 132, 138-1.) The Court granted the individual defendants' motions for summary judgment and dismissed them from the action. (DN 150, at 23.) As for Hopkins Hardwoods, the Court granted its motion in part and denied it in part. As relevant to this motion for reconsideration, the Court denied its motion as to Count II for breach of contract

and Count VI for trespass as they related to cutting down cedar trees located on both tracts and cutting down undersized trees located on the Kimball tract, as well as Count VII for treble damages. (*Id.* at 21–22.) In doing so, the Court noted that it could not at this time accept Hopkins Hardwoods' argument that it had a right to cut down any undersized or cedar trees that it did since they were located within the right-of-way, as Hopkins Hardwoods "offer[ed] no guidance to the Court as to how it should interpret the contract, or what legal doctrines should be relied upon, so as to reach this interpretation." (*Id.* at 12.) Hopkins Hardwoods now moves the Court, pursuant to Fed. R. Civ. P. 59(e), to alter, amend, or vacate its opinion as to those claims. (DN 153.)

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits a court to "alter or amend" its prior judgment for one of four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citations omitted). However, Rule 59(e) is a limited rule, whose purpose is "to allow the [Court] to correct its own errors" that are timely presented. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted). It is not an opportunity for the losing party to simply offer old arguments a second time or "to offer additional arguments in support of its position" that were not properly presented initially. *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007).

## III. DISCUSSION

Hopkins Hardwoods' motion for reconsideration argues that summary judgment is appropriate as to Counts II, VI, and VII as they relate to the harvesting of undersized and cedar trees, as the evidence submitted to the Court indicates that any such trees were only removed

from the right-of-way, and Kentucky law permits the removal of obstructions from a right-of-way. (DN 153, at 2–4.) The Stansburys oppose the motion on the grounds that it offers no proper justification under Rule 59(e) for reconsideration of the prior order. (DN 155, at 4–6.) However, the Court finds the motion to be an appropriate one. The Court's prior order noted that summary judgment could not be granted, as Hopkins Hardwoods had failed to articulate the legal grounds that would have provided it with the right to harvest undersized and cedar trees located in the right-of-way. The present motion seeks to correct that deficiency. It is a "well-recognized principle that district courts posses[s] the discretion to reconsider their interlocutory orders at any time." *Leelanau Wine Cellars, Ltd. v. Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004) (citations omitted). Therefore, the Court will consider the motion to alter, amend, or vacate its prior order.

Turning to the merits of the motion, the timber deed granted Hopkins Hardwoods a "right of way" across the tracts. (DN 134-2, at 47.) A "right of way" has typically been equated with an easement under Kentucky law, with the two terms often used simultaneously. *See Ill. Cent. R.R. Co. v. Roberts*, 928 S.W.2d 822, 825 (Ky. 1996) ("A right-of-way easement is simply the privilege of the owner of one tenement to enjoy the tenement of another"). *See also* 23 Am. Jur. 2d *Deeds* § 230 (2017) ("Generally, the conveyance of a right of way, in connection with the conveyance of another parcel of land, conveys an easement only, and not a fee estate, in the portion of land conveyed as a 'right of way'"). Therefore, the Court will interpret the granting of a "right of way" to Hopkins Hardwoods as consistent with the granting of an easement across the tracts.

The next issue, though, is what right does the holder of an easement have to remove obstructions that interfere with the use of the easement? Generally, "[a]n easement owner has a right to remove obstructions unreasonably interfering with use of the easement so long as there is

no breach of the peace. However, the easement holder will be liable for the removal of an obstruction that is outside the scope of the easement holder's grant." 25 Am. Jur. 2d *Easement and Licenses* § 78 (2017). While Kentucky law on this topic is sparse, the state's highest court in *Downey v. Urton*, 10 Ky. Op. 143, 145 (1878), noted that an easement obtained through adverse possession could not be obstructed by a fence, and the adverse possessor had a right to remove the obstruction. Other jurisdictions within the Sixth Circuit adhere to the same rule. *E.g.*, *Andrews v. Columbia Gas Transmission Corp.* 544 F.3d 618, 624 (6th Cir. 2008) (under Ohio law, "[t]he owner of an easement has the right to remove objects within it that unreasonably interfere with or obstruct its reasonable and proper use") (citation omitted). Therefore, despite the scarcity of case law on the subject, the Court believes that the Kentucky Supreme Court would continue to adhere to *Downey* and the rule that the owner of an easement may reasonably remove obstructions. *Id.* at 624 (in diversity case, the Court is "bound by decisions of the state's highest court, unless that court would overrule its decisions on similar facts") (citation omitted).

With this applicable law, the Court must determine if summary judgment is appropriate. In support of both its original motion and its present motion for reconsideration, Hopkins Hardwoods points to evidence that indicates the undersized and cedar trees were reasonably cut down, as they impeded the right-of-way. It points to the deposition of Henry Christ, where he testified that certain cedar trees were removed in order to make a roadway and gain access to trees covered by the timber deed. (Dep. Henry Christ [DN 130-1] at 238:16–239:11.) Vance Mosely, the Stansburys' expert witness, testified that the cedar trees he saw cut were along the roads. (Dep. Vance Mosely [DN 133-1] at 78:14–17.) He also testified that the operation at the Kimball and Yager tracts was a "typical logging operation." (*Id.* at 67:15–25.)

5

The Court finds this evidence insufficient to establish the absence of a dispute as to whether the trees were cut reasonably. The timber deed does not define the dimensions of the right-of-way or establish an exact location for it; rather, it simply granted access "through and across" the tracts of land to cut and remove authorized timber. The Court cannot look at the record and clearly determine whether each and every cut was reasonably necessary to gain access through and across the land. The testimony from Christ and Mosely that the trees were cut along the road does not conclusively answer the question, as the timber deed does not necessarily equate the right-of-way with the road. Instead, a jury must determine if the choices made by Hopkins Hardwoods to utilize the right-of-way granted to it and cut the trees that it did were reasonable, as fact-intensive questions of reasonableness are typically reserved for a jury to decide when definitive proof is lacking. *See Vescio v. Darnell*, 2016 WL 354339, at *4 (Ky. Ct. App. Jan 29, 2016) (in water flow liability case, "the ultimate question of reasonableness [of changing the natural flow of water is a] matter[ ] for the jury"); *Branch Banking & Trust Co. v. Pacific Life Ins. Co.*, 985 F. Supp 2d 844, 846 (W.D. Ky. 2013) ("a jury must decide whether Pacific Life's decision . . . was reasonable") (quotations omitted). *Accord Barbaglia v. Nonconnah Holdings, LLC*, 566 F. App'x 456, 459 (6th Cir. 2014) (applying Tennessee law) ("questions of reasonableness are typically reserved for the jury"). A jury may find the testimony of Christ and Vance sufficient to conclude that any and all cuts were reasonably made in accordance with the right-of-way, but that testimony alone is not sufficient for the Court to remove the issue of reasonableness from the jury. Therefore, the Court will **DENY** the motion for reconsideration.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to amend, alter, or vacate the Court's April 11, 2017 Memorandum Opinion and Order is **DENIED.**

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 11, 2017

cc: Counsel of Record